MATTER OF STEELE

In Deportation Proceedings

A-8199592

*Decided by Board July 11, 1967*

(1) Since evidence of record establishes respondent was a homosexual at time of his entry for permanent residence in 1952, he is deportable on the charge that he was excludable at entry as a person of constitutional psychopathic inferiority [*Boutilier* v. *Immigration and Naturalization Service*, 387 U.S. 118 (1967)].

(2) Failure to advise respondent of right to counsel at the time a preliminary sworn statement was voluntarily made by him does not render such statement inadmissible in evidence in deportation proceedings since there is no right to counsel during the taking of a statement in the investigative stage [*Nason* v. *Immigration and Naturalization Service*, 370 F.2d 865 (1967)].

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—section 212(a)(4) [8 U.S.C. 1182(a)(4)]—psychopathic personality.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—section 3, Act of February 5, 1917—constitutional psychopathic inferiority.

ON BEHALF OF RESPONDENT: Max Frederick Brown, Esquire
2025 First National Building
Detroit, Michigan 48226

The respondent appeals from the order of the special inquiry officer requiring his deportation on the lodged charge.

Consideration of this case had been delayed pending the decision of the Supreme Court in *Boutilier* v. *Immigration and Naturalization Service*, 35 L.W. 4453 (May 22, 1967). This decision makes it clear that proof an alien was a homosexual at the time of entry makes him deportable on the charge that he was a psychopathic personality at the time of entry. The term psychopathic personality replaced the term constitutional psychopathic inferiority in the previous law—the law under which the respondent's charge is placed. It would follow then that proof an alien was a homosexual at the time of entry would be

sufficient to find he was deportable as one who was a constitutional psychopathic inferior (*Matter of LaRochelle*, Int. Dec. No. 1538). The issue before us now is simply whether competent evidence of record establishes that the respondent, a 55-year-old divorced male alien, a native and citizen of Canada, was a homosexual at the time of his entry for permanent residence on January 3, 1952.

The facts and law have been fully stated by the special inquiry officer. In support of its claim that the respondent was a homosexual at the time of entry, the Service relies upon the respondent's sworn statement of January 3, 1963 in which he admitted that he had homosexual tendencies from about the age of 14 and that prior to coming to the United States, he had had homosexual relations about every two or three months in Canada (Ex. 2).

Dr. Lowinger, an expert witness presented by the Service, testified that on the basis of an examination made of the respondent which included conduct of the respondent up to the date of the examination (April 9, 1963), he concluded that the respondent had shown a life-long pattern of homosexuality and that he considered the condition existed at the time of the respondent's entry in 1952.

Counsel contends that the respondent's statement is inadmissible because he was upset at the time it was taken. The record does not establish this. The respondent displayed considerable self-possession, his answers are clear, deliberate, full, and to the point. The respondent had not been rushed to an interview: he had advance notice. He had not thought the interview important enough to consult an attorney (pp. 43–44).

Counsel believes the statement is inadmissible because the respondent was not specifically advised concerning his right to counsel when it was taken. There is no right to counsel during the taking of a statement in the investigative stage (*Nason v. Immigration and Naturalization Service*, 370 F. 2d 865, 868–869 (1967); see *Matter of Argyros*, Int. Dec. No. 1577; *Matter of Pang*, Int. Dec. No. 1479). Moreover, the respondent does not claim that he was refused the right to call an attorney. He apparently could have called one had he wanted one but he did not think he needed one (p. 44).

The record reveals the respondent was told the statement must be made voluntarily and that it could be used by the Government against him. We believe the statement was properly admitted in evidence.

Counsel contends the decision of the special inquiry officer was based upon factors which occurred after the 1952 entry: arrests (for soliciting, two convictions 1957, one arrest 1962), psychiatric examination and diagnosis as of the date of the examination, and the respond-

ent's admission that after entry and up to November 1962, he engaged in homosexual conduct about two or three times a month.

The special inquiry officer was concerned with the respondent's condition as of the time of entry. Moreover, decision can be made without reference to post-entry conduct. In view of these facts, and since we do not rely upon post-entry conduct, we believe the charge may properly be sustained.

Counsel contends that the statute under which deportation is sought is unconstitutional. The contention must be rejected on the basis of the decision in *Boutilier* v. *Immigration and Naturalization Service*, *supra.*

The special inquiry officer has dealt in detail with other contentions raised by counsel at the hearing. We find no error in the disposition of these contentions. We find no prejudicial error committed at the hearing.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.