MATTER OF MONTERO

In Deportation Proceedings

A–13198996

*Decided by Board August 9, 1973*

(1) An alien abandoned her lawful permanent residence upon her departure from the United States during March 1963 when she returned to her husband, children, home, business and financial resources in the Dominican Republic since she had no fixed intention to return to the United States within a period fixed by an early event.

(2) An alien's voluntary statement of renunciation of United States residence given to an immigrant inspector in a non-custodial setting was not invalid for lack of due process because of failure to give *Miranda* notice as to right to counsel.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Non-immigrant visitor—remained longer than permitted.

ON BEHALF OF RESPONDENT:
Esther M. Kaufman, Esquire
1823 "L" Street, N.W., Suite 102
Washington, D.C. 20036

Antonio C. Martinez, Esquire
324 West 14th Street
New York, New York 10014
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

This is an appeal from the order of the immigration judge finding the respondent deportable, denying her application for a waiver of documents, and granting her the privilege of voluntary departure. The appeal will be dismissed.

The record relates to a married female alien, 42 years of age, a native and citizen of the Dominican Republic. She was granted an immigrant visa on October 26, 1962, at which time she stated that it was her intention to go to the United States permanently, to work in New York. She married a Dominican on January 1, 1963. She entered the United States alone on February 22, 1963 in possession of her immigrant visa. She stayed in New York City in the apartment of the sister of the father of her children for about 20 days. Immediately after receiving her I–151 (Alien Registration

Receipt Card), she returned to the Dominican Republic, where she and her husband owned and operated a business.

In order to purchase merchandise for her business, she thereafter started making frequent shopping trips to Puerto Rico. On April 16, 1964, during questioning by an immigrant inspector, she signed a statement that she resided in the Dominican Republic, not in the United States, and that she "renounced" her "residence" in the United States and would thereafter travel to the United States with a visitor's visa. She surrendered her alien registration card to the immigrant inspector. From 1964 to 1970 she entered the United States numerous times with a visitor's visa. She is now in the United States pursuant to her latest entry as a nonimmigrant visitor, the date of which was April 9, 1970. She was authorized to remain until April 30, 1970. She has remained thereafter without authority.

At the deportation hearing, the respondent claimed that she was improperly deprived of her resident status during the interview with the immigrant inspector on April 16, 1964. She claims that she should have been afforded an exclusion hearing before an immigration judge and warned of her right to counsel before a statement was taken. Inasmuch as she was not warned, she claims that her due process rights were denied and that her status as a resident continues to the present time. Consequently, she claims that she should be considered a lawful permanent resident and deportation proceedings terminated. She further requests that, pursuant to section 211(b), documentary requirements be waived, retroactively, to excuse the fact that she did not present the documents required of a returning resident at the time of her present entry. The immigration judge found that she could not have qualified for returning resident status on April 16, 1964 and denied her application for a waiver of documents. We agree with his finding and decision.

On April 16, 1964 the respondent was entitled to be admitted as a returning resident only if she was returning to the United States from a temporary visit abroad. The facts indicate that on that date she was not returning from a *temporary* visit abroad. Even without considering her 1964 statement renouncing her residence, it is clear from her present testimony that she had no fixed intent to return to the United States when she departed during March 1963. To establish that a visit abroad was temporary, the alien must show that he or she departed with a fixed intent to return, *Matter of B—*, 9 I. & N. Dec. 211(BIA, 1961), reversed on other grounds, *Barrese v. Ryan*, 203 F. Supp. 880 (D. Conn., 1962); *Santos v. INS*, 421 F.2d 1303 (C.A. 9, 1970). "The intention of the departing immigrant must be to return within a period relatively short, fixed

by some early event," *U.S. ex rel Lesto* v. *Day*, 21 F.2d 307 (C.A. 2, 1927). The intention of the respondent was not to return to the United States within a period fixed by an early event. Her husband, children, home, business, and financial resources were all in the Dominican Republic. When she departed from the United States she did not leave behind her home; rather, she returned to or reestablished her home in the Dominican Republic.

The respondent's signed statement of April 16, 1964 merely adds corroboration of the above conclusion. She claims that the statement was coerced because the immigrant inspector informed her that she could not use her alien registration card, and did not advise her of her right to counsel or a hearing. There is no evidence in the record indicating that her statement was coerced or otherwise involuntary. The requirement of giving advice as to the right to counsel is limited to a person in custody, *Miranda* v. *Arizona*, 384 U.S. 436 (1966). The respondent was not in custody when she executed the statement in question. Furthermore, it has been held that there is no right to advice as to the right to counsel during investigative stages of immigration proceedings. *Matter of Steele*, 12 I. & N. Dec. 302 (BIA, 1967). Even without the statement, however, the record is clear that the respondent was not admissible in 1964 as a returning resident. In fact, all of her admissions as a returning resident between March 1963 and April 1964 were erroneous on the part of the inspecting officers.

The respondent was not prejudiced by the lack of a hearing in 1964, inasmuch as one was furnished in 1972. The immigration judge considered the case from the standpoint of a 1964 exclusion hearing and decided that the respondent would have been then found excludable. She did not lose her resident status because of her statement renouncing her residence. Rather, she had already lost it, because she abandoned it when she departed during March 1963 with no fixed intent to return. Her intent then was to reside permanently in the Dominican Republic.

The fact is that the respondent did not seek to return permanently to the United States until after events in the Dominican Republic caused financial reverses to her business, events which were not foreseeable when she returned to the Dominican Republic in 1963. Inasmuch as we find that the respondent abandoned her lawful permanent resident status when she departed during March 1963, and that she was not a returning resident at the time of her present entry, she is not eligible for a waiver of the documents applicable to a returning resident.

ORDER: The appeal is dismissed.

It is further ordered that, pursuant to the immigration judge's order, the respondent be permitted to depart from the United

States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.